BETH CREIGHTON, OSB #972440
E-mail: *beth@civilrightspdx.com*
KRISTIN R. BELL, OSB #235024
E-mail: *kristin@civilrightspdx.com*
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, Oregon  97204-3316
Phone:   (503) 221-1792
Fax:       (503) 223-1516

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **STACY WILLIAMS,** | Civil Case No. 3:24-cv-00582 |
| Plaintiff, | **COMPLAINT** |
| vs. | Unlawful Employment Practices on the Basis of Race, and National Origin, ORS 659A.030(1); Retaliation, ORS 659A.030(1)(f); Disability Discrimination, ORS 659A.112; FMLA Leave Interference, 29 USC 2615(a); First Amendment Violations, 42 USC §1983 |
| **WASHINGTON COUNTY, ALEX DEVIN,** in his individual capacity, **JES LARSON,** in her individual capacity, | |
| Defendants. | |

**JURY TRIAL REQUESTED**

## I.  INTRODUCTION

1.      Pursuant to ORS 659A.030(1), ORS 659A.030(1)(f), ORS 659A.112, 29 USC

2615(a) and 42 USC 1983 Plaintiff alleges the deprivation of her rights as protected by state and

federal statutes. She seeks damages and equitable remedies, including declaratory judgment and

CREIGHTON
& ROSE, PC    ATTORNEYS
AT LAW
735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 1 – COMPLAINT

attorney fees and litigation expenses/costs, including expert witness fees and expenses in an amount to be determined by a jury at trial.

## II.  JURISDICTION AND VENUE

2.      This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because Plaintiff asserts a cause of action arising under the Constitution, laws, or treaties of the United States. The court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.

3.      Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claims arose in this judicial district.

## III.  PARTIES

4.      At all times material herein, Plaintiff Stacy Williams (herein "Williams") was a resident of Multnomah County, Oregon.

5.      Defendant Washington County (herein "the County") was and is a public body in the State of Oregon responsible under state law for the acts and omission of its agents and other employees, including those whose conduct is at issue herein.  Defendant Jes Larson was the Program Manager at the County's Department of Home Services.  Defendant Alex Devin was the Service Network Administrator of the County's Department of Home Services.

6.      On October 12, 2022, Plaintiff served a tort claim notice on Defendant Washington County pursuant to ORS 30.275.

## IV.  FACTS

7.      The County hired Stacy Williams, a traditionalist Dakota/Lakota woman, on or about April, 2021, as a Program Coordinator at the Department of Home Services and was

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

assigned to overseeing the Bridge Shelter operations.

8.      From the beginning of Stacy Williams' employment with the County, the County

engaged in a continuing course of conduct that discriminated and retaliated against Williams on

the basis of her race and national origin, including microaggressions, racist comments, and racial

hostility, including, but not limited to the following:

a)      When Williams revealed her hometown was Shakopee, MN, a well-known

        Dakota/Lakota community, Defendant Larson told her "My Dad likes your

        casino."

b)      Defendant Devin told her that "You indigenous people need to learn to

        assimilate."

c)      The housing justice coordinator called Williams a "unicorn" in a DEI training for

        being a Lakota woman who had not fully assimilated into the predominant

        American culture after being raised on a reservation and speaking Lakota as her

        first language.

d)      Defendant Larson routinely made Williams submit her writings for approval, even

        for internal communications, not intended for the public, despite Williams'

        fluency in English. No other employee was subjected to the same oversight.

e)      Defendant Devin instructed her to stop correcting language in the workplace that

        was offensive to Native Americans, such as "powwow" and "many moons" and a

        Commissioner referring to his Dutch family as "native" because they lived in

        Washington County for 300 years.

f)      Defendant Larson told a former County employee that Defendant Larson would

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

never hire another traditionalist indigenous person after Williams was gone.

g)      Defendant Larson tried to pass off Williams' system of care pilot program as her own and claimed credit for the ideas.

9.      In May of 2021, Plaintiff explained that she was "neurodivergent" and that she processes quickly to arrive at a solution and then has to back up to explain the steps she took to her colleagues.  She explained to Defendant Larson that micro-level, goal-oriented details come last.  Despite her disclosure, her manager continued to talk disrespectfully to her and criticized how she processed information.  Williams also requested that she received written instructions to accommodate her disability.  This request was continually denied.

10.     The County engaged in conduct in their contracting practices and fund management that was illegal and unethical, causing Williams to oppose this conduct by expressing her concerns and participating in the investigations into this conduct.

11.     Throughout Williams employment, Defendant Larson told her that questionable things should not be written down because they could be subject to a public records request.

12.     Defendants Alex Devin and Jes Larson asked Williams to change her Request For Proposal Question (herein "RFPQ") scoring on an organization that did not meet the rubrics of the RFPQ so that the organization could qualify for a contract with the County.

13.     When Williams voiced concerns to Defendant Devin, stating that changing an organization's scoring at his directive could be considered improper contract steering, he told her that it was neither illegal nor unethical, but to "keep it quiet."

14.     Concerned by Defendant Devin's trivialization of her concerns and the possibility of improper contract steering, Williams attempted to report her concerns to Defendant Larson,

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 4 – COMPLAINT

but Defendant Larson told her it was she who directed Defendant Devin to instruct her to change the scoring of the organization.

15.     Under threat of losing her job, Williams reluctantly complied with her superiors' mandate and increased the score for the organization.

16.     When the discrepancies in scoring were flagged by the Purchasing Department as suspicious Defendant Larson told her to change the organization's score again. Williams refused that directive.

17.     Williams participated with an internal investigation into the organization's score change.  Thereafter in a virtual team meeting, Defendant Devin called her a "narc" and hostility towards Williams increased.

18.     Williams questioned why there were no Indigenous or Native American vendors in Washington County's contracting programs and why the County's Local Implementation Plan to "lead with race" was not being followed.  She received no response to her inquiries.

19.     In July of 2021, the Mayor of Hillsboro stopped by one of the County's homeless shelters requesting a tour with police.  Williams called Defendant Larson and told her that the people in the shelter do not live in a zoo and deserved to be treated with respect and granted the same 24-hour notice requesting access to their space that tenants receive. Defendant Larson became livid at the feedback and wanted Williams and the homeless services staff to play up to the politicians over protecting the rights of the shelter residents.

20.     Williams sent an email referencing the white, dominated systemic practices of the County and was told by Defendant Larson that it is not appropriate for Williams to name the imbalances she is seeing or put things like that in an email that could reflect negatively on the

CREIGHTON
& ROSE, PC | ATTORNEYS
AT LAW
735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

County.

21.     When Williams asked what the proper policy was to name microaggressions and bigotry in the workplace, she was told there was no policy and if she wanted support as a woman of color, she should seek it from affinity groups outside the workplace.

22.     Williams questioned why the County did not have a land acknowledgment in the signature block for County emails that acknowledged indigenous people's rights to their traditional territories and expresses gratitude, honor and appreciation for those whose territory the County resides.  Defendant Larson chastised her and told her they were "working on it," but would take a year to implement the land acknowledgment.

23.     Williams raised concerns to the Assistant Director of the Department of Housing that an organization who the County did not have a contract with was doing case management for the County, which exposed the County to legal liability.  Williams also raised concerns that the workplace was toxic and hostile and specifically that her managers were micromanaging her, using insults, racially problematic language and microaggressions towards her.

24.     Defendant Larson suggested that Williams join an affinity group for brown business women because she had "PTSD form Washington County," pathologizing Williams and suggesting that she was having emotional issues, rather than acknowledging her concerns about racism at the County were legitimate.

25.     Williams also reported to Defendant Devin, that the County was not acting in compliance with their contract with the Federal Emergency Management Agency (FEMA), and that the County was improperly commingling FEMA funds.

26.     When Williams brought up the issue of FEMA contract compliance and

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

commingling funds to Defendant Devin, he got defensive, asking if she really thought she was smarter than everyone at the County who had approved the program's management, including himself.

27.     Defendants Devin and Larson then took her off the FEMA project.

28.     In January, 2022, Williams attempted to coordinate intermittent medical leave for a serious health condition through Human Resources, but was told to coordinate with her supervisor directly. Defendant Devin told her that her presence was necessary when he was not in the office "to support the team," effectively denying Williams' leave request.

29.     Defendant Devin's insistence that Williams not take leave when he was not in the office combined with his inconsistent attendance interfered with Williams' ability to coordinate and attend Doctor's appointments.

30.     The County terminated Williams on April 15th, 2022, allegedly for "poor performance."

## FIRST CLAIM FOR RELIEF

### Race/ National Origin Discrimination - ORS 659A.030(1)(a)-(b)-(g)

31.     Plaintiff realleges and incorporates paragraphs 1 through 30 above, as applicable.

32.     Plaintiff is a traditionalist Dakota/Lakota woman.  Dakota/Lakota is a federally recognized Indian Tribe, classified as "domestic dependent nations."

33.     As described above, Defendants discriminated against Plaintiff in the terms and conditions of her employment and/or subjected her to a hostile work environment on the basis of her race and/or national origin.

34.     Defendants aided, abetted, incited, compelled and/or coerced each other in

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW
735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 7 – COMPLAINT

discriminating against Plaintiff in the terms and conditions of her employment and/or subjected her to a hostile work environment on the basis of her race and/or national origin.

35.     As a direct and proximate cause of Defendants wrongful conduct, Plaintiff has suffered economic damages in an amount to be determined by a jury at trial.

36.     As a result of the events described herein, Plaintiff suffered non-economic damages and is entitled to an award of compensatory damages in an amount to be determined by a jury at trial.

37.     Plaintiff is entitled to her reasonable attorneys' fees and costs pursuant to ORS 659A.885 and ORS 20.107; and all other remedies available at law.

38.     Plaintiff is entitled to all equitable remedies available in order to make her whole.

39.     Plaintiff is entitled to a declaration that Defendants violated her rights under ORS 659A and an order requiring Defendants to make her whole.

**SECOND CLAIM FOR RELIEF**

**Retaliation for Opposing Race/ National Origin Discrimination -ORS659A.030(1)(f)**

40.     Plaintiff realleges and incorporates paragraphs 1 through 30 above, as applicable.

41.     As described in above, Plaintiff alleges that Defendants violated ORS 659A.030(1)(f) by retaliating and/or discriminated against her because she opposed unlawful employment practices.

42.     Defendants aided, abetted, incited, compelled and/or coerced each other in retaliating and/or discriminating against Plaintiff because she opposed unlawful employment practices.

43.     As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

suffered economic damages in an amount to be determined by a jury at trial.

44.     As a result of the events described herein, Plaintiff suffered non-economic damages and is entitled to an award of compensatory damages in an amount to be determined by a jury at trial.

45.     Plaintiff is entitled to her reasonable attorneys' fees and costs pursuant to ORS 659A.885 and ORS 20.107; and all other remedies available at law.

46.     Plaintiff is entitled to all equitable remedies available in order to make her whole.

47.     Plaintiff is entitled to a declaration that Defendants violated her rights under ORS 659A and an order requiring Defendant to make her whole.

**THIRD CLAIM FOR RELIEF**

**Disability Discrimination - ORS 659A.112**

48.     Plaintiff realleges and incorporates paragraphs 1 through 30 above, as applicable.

49.     As described above, Plaintiff alleges that Defendant violated ORS 659A.112 by discriminating against Plaintiff in the terms, conditions, and privileges of her employment because of her disability.

50.     As described above, Defendant failed to accommodate Plaintiff's disability and failed to engage in the interactive process to accommodate her disability.

51.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic damages in an amount to be determined by a jury at trial.

52.     As a result of the events described herein, Plaintiff suffered non-economic damages and is entitled to an award of compensatory damages in an amount to be determined by a jury at trial.

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

53.     Plaintiff is entitled to her reasonable attorneys' fees and costs pursuant to ORS 659A.885 and ORS 20.107; and all other remedies available at law.

54.     Plaintiff is entitled to all equitable remedies available in order to make her whole.

55.     Plaintiff is entitled to a declaration that Defendant violated her rights under ORS 659A and an order requiring Defendant to make her whole.

## FOURTH CLAIM FOR RELIEF

### Family Medical Leave Act Violations (FMLA) 29 USC 2615(a)

56.     Plaintiff realleges and incorporates paragraphs 1-30 above.

57.     As described above, Defendant violated 29 USC 2615(a) by interfering with, restrain or denying her attempt of exercising her right to take medical leave for her serious medical condition.

58.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic damages in an amount to be determined by a jury at trial.

59.     As a result of the events described herein, Plaintiff suffered non-economic damages and is entitled to an award of compensatory damages in an amount to be determined by a jury at trial, plus all applicable interest calculated at the prevailing rates.

60.     Plaintiff is entitled to liquidated damages under 29 USC § 2617.

61.     Plaintiff is entitled to her reasonable attorneys' fees, reasonable expert witness fees and costs pursuant to 29 USC § 2617(3); and all other remedies available at law.

62.     Plaintiff is entitled to all equitable remedies available in order to make her whole, including, but not limited to reinstatement and transfer to the job for which she applied.

## FIFTH CLAIM FOR RELIEF

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

**42 U.S.C. § 1983**
**First Amendment Violation**

63.    Plaintiff incorporates paragraphs 1 through 30 as if fully set forth herein.

64.    The acts of Defendants Devin and Larson described herein were taken under color of state law.

65.    Plaintiff exercised her free speech rights as described herein. Defendants Devin and Larson retaliated and/or discriminated against Plaintiff in violation of her right to speak about those matters of public concern. Defendant Larson and Devin's acts violated Plaintiff's rights under the First Amendment of the United States Constitution, made applicable to defendants through the 14th Amendment.

66.    As a direct and proximate result of defendants' unlawful acts, Plaintiff has suffered outrage, betrayal, offense, indignity, embarrassment, humiliation, injury and insult in amounts to be determined by the jury at trial.

67.    As a direct and proximate result of defendants' unlawful acts, Plaintiff lost income and benefits and also incurred out-of-pocket moving expenses as a result of Defendant Larson and Devin's unlawful acts.

68.    Plaintiff seeks recovery of all other equitable relief and punitive damages as provided by law, in addition to reimbursement of her reasonable attorneys' fees and costs pursuant to 42 USC § 1988 and 28 USC §1927, if appropriate.

69.    Defendant Larson and Devin's conduct toward Plaintiff demonstrated a wanton, reckless or callous indifference to the constitutional rights of Plaintiff, which warrants an imposition of punitive damages in such amounts as the jury may deem appropriate to deter future violations.

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

WHEREFORE, Plaintiff prays for her costs and disbursements incurred herein and for the following in accordance with the proof at trial:

1. Economic damages;

2. Non-economic damages;

3. Punitive damages against Defendants Devin and Larson;

4. Reasonable attorneys' fees and costs;

5. Prejudgment and post judgment interest as appropriate and allowed by law;

6. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving a payment of wages over the applicable time frame;

7. Equitable Relief;

8. Injunctive Relief; and

9. Any and all other relief as this court may deem proper.

DATED this 5th day of April, 2024.     CREIGHTON & ROSE, PC

 _s/ Beth Creighton_
Beth Creighton, OSB #972440
E-mail: _beth@civilrightspdx.com_
Kristin R. Bell, OSB #235024
E-mail: _kristin@civilrightspdx.com_

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave., #300
Portland, OR 97204-3316
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 12 – COMPLAINT